Dorothy M. GREEN, Appellant,

v.

Nadine V. NEWMAN, Appellee.

No. 5513.

District of Columbia Court of Appeals.

April 6, 1978.

Before NEBEKER, YEAGLEY, and FERREN, Associate Judges, in chambers.

**172**

PER CURIAM:

This is an automobile negligence case, with a claim and a counterclaim. On the date set for trial, the judge in the Small Claims and Conciliation Branch appointed a law student of the D.C. Law Students in Court program to conciliate the matter. He was unsuccessful. He reported his lack of success to the court, whereupon the judge not only appointed him to represent defendant/counterclaimant Green but also ordered him to proceed to trial immediately.

The student requested a continuance to obtain the presence of a supervisor and to prepare for trial. The judge denied the request. Trial commenced immediately, after which judgment was entered for the plaintiff.

Defendant petitions for allowance of appeal, contending that (1) the trial court erred in appointing the law student to represent either party as an advocate since he previously had been involved as a conciliator in the same case, and (2) the trial court abused its discretion in denying law student counsel's request for a continuance to obtain the presence of a supervisor and to prepare for trial.

We agree with defendant on both points. We accordingly grant the application for allowance of appeal, sua sponte reverse the judgment, and remand for a new trial.

### I.

■ It is clearly improper for an unsuccessful conciliator to act as trial counsel for one of the parties. According to Ethical Consideration 5–20, Canon 5, of the American Bar Association Code of Professional Responsibility, which (as amended) governs the practice of law in the District of Columbia:

A lawyer is often asked to serve as an impartial arbitrator or mediator in matters which involve present or former clients. He may serve in either capacity if he first discloses such present or former relationships. After a lawyer has undertaken to act as an impartial arbitrator or mediator, he should not thereafter represent in the dispute any of the parties involved.

■ It is unethical for an attorney, after acting in a quasi-judicial role and learning both sides of the controversy, to use that information on behalf of one party against the other. Nor, of course would it be fair to the client for the attorney in this situation to forbear from using information gained from the other party. In either case, the attorney—and a party—are compromised. This principle is no less valid in the informal atmosphere of a small claims court.

Moreover, if it was improper for one in the law student's position to serve as trial counsel after serving as conciliator, it was even more improper for the trial judge to appoint the student to do so, for that gave a judicial stamp of approval to an unethical practice.

### II.

Law student practice in the Superior Court is governed by Rule 46 III(a)(1) of our court:

An eligible law student may engage in the limited practice of law in the District of Columbia in connection with any civil case or matter (including any family and/or juvenile proceeding) and any criminal case or matter (not involving a felony) which may be pending in any court or any administrative tribunal of the District of Columbia, which by rule of such court or tribunal permits such appearance as part of a "clinical program," as hereinafter defined, on behalf of any indigent person who has consented in writing to that appearance, *provided that a "supervising lawyer," as hereinafter defined, has also indicated in writing approval of that appearance.* [Emphasis added.][1]

---

1. "Supervising lawyer" is defined in Rule 46 III(e):

The "supervising lawyer" referred to in this Rule shall:

Law student practice in the Small Claims Court is specifically controlled by Small Claims Rule 9–c, which incorporates by reference Super.Ct.Cr.R. 44–I(f)(1)(A):

> (f) Legal Assistance by Law Students
>
> (1) Practice
>
> (A) Any law student admitted to the limited practice of law, pursuant to Rule 46(III) of the general rules of the District of Columbia Court of Appeals, and certified and registered as therein required, may engage in the limited practice of law in the Superior Court of the District of Columbia in connection with any case arising in the . . . Small Claims Branch of the Civil Division of this court . . . on behalf of any indigent person who has consented in writing to that appearance, *provided that a "supervising lawyer" as hereinafter defined, has approved such action and also entered his appearance.* [Emphasis added.]

■ Given that the courts' rules governing law-student practice authorize such practice only upon written consent of the client, written approval by a supervising attorney, and in the Small Claims Branch—entry of the supervising attorney's appearance, the trial court committed a clear abuse of discretion in denying the law student's request.

The D.C. Law Students in Court program provides an extraordinarily valuable service to clients and the courts, utilizing dedicated and talented students and supervising attorneys. It is important therefore, that students and staff be treated with the highest professional respect—that they not be asked to compromise client interests or their own ethical standards. Throughout this proceeding, given the situation in which the trial court placed him, the law

(i) Be a lawyer whose service as a supervising lawyer for the clinical program is approved by the Dean of the law school in which the law student is enrolled.

(ii) Assume full responsibility for guiding the student's work in any pending case or matter or other activity in which he participates and for supervising the quality of that student's work.

student used sound professional judgment and is to be commended.

*Appeal allowed, judgment reversed, new trial ordered.*

(iii) Assist the student in his preparation to the extent necessary in the supervising lawyer's professional judgment to insure that the student's participation is effective on behalf of the indigent person he represents.

(iv) Be an *"active"* member of the District of Columbia Bar . . . ..