Nadine V. NEWMAN, Appellant,

v.

Dorothy M. GREEN, Appellee.[1]

No. 5513.

District of Columbia Court of Appeals.

Dec. 14, 1978.

Before NEBEKER, YEAGLEY and FERREN, Associate Judges, in chambers.

STATEMENT

PER CURIAM:

On April 6, 1978 in a per curiam opinion, 385 A.2d 171, we granted the application for allowance of appeal, *sua sponte* reversed the judgment, and remanded for a new trial of this automobile negligence case. Subsequently, the trial judge wrote a letter to the court questioning the record basis for our holding that (1) the trial court had erred in appointing a law student to represent the defendant/counter-claimant, since the student previously had been a conciliator in the same case, and that (2) the trial court had abused its discretion in denying law student counsel's request for a continuance to obtain the presence of a supervisor and to prepare for trial. The judge indicated that if we had followed D.C.App.R. 6(d), rather than summarily reversing the judgment, he would have had an opportunity to correct the representations of the parties in the application for allowance of appeal and response thereto.[2]

We have reviewed the record again, without further assistance by the parties, for

1. When previously reported, the case was incorrectly styled *Dorothy M. Green, Appellant v. Nadine V. Newman, Appellee. See* 385 A.2d 171 (1978).

2. D.C.App.R. 6 governing small claims appeals provides in part as follows:

\* \* \* \* \* \*

(c) STATEMENT OF EVIDENCE. Whenever in the opinion of this court it appears that a further statement of the evidence is necessary to determine such application, either because of a conflict in the facts as stated in the application and objections, or for any other reason, this court may call for a statement of proceedings and evidence from the applicant to be approved by the trial judge or prepared by the trial judge if the applicant is proceeding pro se, and may also require the original record and exhibits to be transmitted to this court.

(d) GRANT OF PERMISSION. When any one of the three judges to whom the application is submitted is of the opinion that the

appeal should be allowed, the application for the allowance of appeal shall be granted and the clerk of this court shall transmit to the trial court a notice of the granting of the appeal, together with a copy of the application for appeal and objections thereto. Within ten days thereafter the trial court shall certify to this court:

(1) that the facts, issues and rulings are sufficiently and correctly set forth in the application and objections; or

(2) that the facts, issues and rulings are sufficiently and correctly set forth in the application and objections, as modified, supplemental or corrected by an accompanying statement of proceedings and evidence signed by the trial judge; or

(3) that the facts, issues and rulings are sufficiently and correctly set forth in an accompanying statement of proceedings and evidence signed by the trial judge.

The original papers in the trial court, the application for appeal and objections thereto, the certificate of the trial judge, and the statement of proceedings and evidence, if

whom the matter apparently has been resolved after the remand by entry of judgment in favor of the plaintiff/appellee on August 18, 1978. We conclude that the trial judge's procedural point is well taken and accordingly treat his letter as a statement pursuant to Rule 6(d)(2) or (3). The matter, however, is now moot. Nevertheless, in fairness to the trial judge, we want to acknowledge that we acted too hastily.

More particularly, we first acknowledge that what appeared to have been trial court error in appointing a law student to represent defendant/appellant after previously involving that student as a conciliator in the same case should be characterized, more accurately, as a communication breakdown between trial judge and law student. The transcript of the proceedings—despite being garbled and apparently incomplete in several places—reveals the following statement by the trial judge to everyone in the courtroom:

> You can just look around and see that this place is packed. There's only one judge assigned to the Small Claims Court and it is physically impossible for one judge to try all these cases. I say that so as to call your attention to the statute which states that this is a Small Claims AND Conciliation Branch. The statute states that every effort must be made to conciliate these cases—that is, to settle these cases, and only those few that cannot be settled will there be a trial.
>
> As I indicated, it's impossible for one judge to try all of these cases. We will be going in all probability, at least it's my practice in the past, to go straight through to lunch time, take an hour for lunch, come back in the afternoon and go till 4:30. We'll do the best we can as far as trying the cases which are to be tried.
>
> I tell you that so you'll know what time frame we're working within. Again, I urge you to make every effort to conciliate these cases. Quite clearly, if the case goes to trial, one side's going to win and one side's going to lose. And when a case is settled, no one party gets everything that that party wants. Plaintiff takes less than plaintiff thinks he or she is entitled to, and the defendant gives up more than he or she thinks he's entitled to. But that's just the very nature of a settlement.

When the present case was called, the court and defendant/appellant engaged in the following colloquy:

> The Court: Are you represented by counsel?
>
> Ms. Newman: No, I'm not and I would like to be appointed one.
>
> The Court: We don't have attorneys to appoint. We have some students to talk with some people and perhaps to try to help in negotiations. Ah . . . Mr. _____ here?
>
> Mr. _____ is a law student. He's not being paid by anyone. Mr. _____ will you talk with the parties and see if something can be resolved. Thank you.

We can see how the trial judge believed he was appointing the law student to act strictly as counsel to one party, since the other party had counsel. We can also see how the law student perceived that he had been asked, initially, to perform a conciliating role.

As to our conclusion that the trial judge abused his discretion in denying the law student's request for a continuance once the case came on for trial, the record reveals that the student asked for a continuance to contact defendant's insurance company for the purpose of requesting assignment of an attorney to handle defendant's counterclaim. The trial judge ascertained that defendant had notified her insurance company, and that the company apparently had elected not to participate. The judge fur-

any, shall constitute the record on appeal. Where a statement of proceedings and evidence has been filed in this court as provided by subsection (c), prior to the granting of an appeal, the clerk of this court shall transmit to the trial court a notice of the granting of the appeal, together with all the papers in the case, and the clerk of the trial court shall annex thereto the original papers, or copies thereof, and certify and transmit the record promptly.

\* \* \* \* \* \*

ther ascertained that plaintiff opposed a continuance because all her witnesses were present. The preliminaries then concluded as follows:

> The Court : That's quite a few witnesses to be sending back home. On the other hand, [I] want to be sure Mrs. Newman did notify her company.
>
> You did notify them that you were being sued, is that right?
>
> Ms. Newman : Yes, I did.
>
> The Court : So you won't be waiving any rights. You notified them. We'll go forward.
>
> Ladies and gentlemen . . . All right . . .
>
> Are you representing her, ah . . . Mr. _____?
>
> Mr. _____ : (tentatively) She falls within our income guidelines . . . I'd request about a ten minute continuance.
>
> No?

[Clerk swears in first witness for trial.]

This record is consistent with appellant's statement in the application for allowance of appeal that law student counsel wanted a continuance to find and speak with his supervisor. It also appears that this concern was not communicated of record to the trial judge.

We are issuing this statement because we believe the trial judge is entitled to public acknowledgment of our procedural error. We are ordering *sua sponte* that his letter be made part of the record because this would be consistent with Rule 6. Absent participation of the parties, however, in preparation and interpretation of a definitive record, it would be unfair to consider the trial judge's letter and the sometimes-garbled tape recording of the proceedings as the equivalent of a statement of evidence or proceedings, pursuant to Rule 6.[3]

Superior Court of the District of Columbia
Washington, D. C. 20001

John R. Hess                    May 11, 1978
  Judge

Mr. Alexander L. Stevas
Clerk of the Court of Appeals
500 Indiana Avenue, N.W.
Washington, D.C. 20001

IN RE: *Dorothy M. Green v. Nadine v. Newman—No. 5513*

Dear Mr. Stevas:

A panel of the District of Columbia Court of Appeals, in the above-entitled case, published a printed opinion in which it concluded that "(1) the trial court erred in appointing the law student to represent either party as an advocate since he previously had been involved as a conciliator in the same case, and (2) the trial court abused its discretion in denying law student counsel's request for a continuance to obtain the presence of a supervisor and to prepare for trial." The substance of the opinion was that the trial judge was unaware of Canon 5 of the American Bar Association Code of Professional Responsibility; that because of such lack of knowledge a law student was forced to violate the canon; and that the trial judge, in general, ran roughshod over the rights of one or both parties.

I am disappointed that an appellate court would prepare and distribute such an opinion when the only apparent factual support for its conclusion is derived from the unsworn allegation of student counsel in a one-paragraph petition for allowance of an appeal. Had the appellate court followed its own rules, it could not have made such an erroneous and unjust determination.

Rule 5 of the District of Columbia Court of Appeals governing application for appeal from the small claims and conciliation branch of the Superior Court provides, in pertinent part:

> (d) GRANT OF PERMISSION. When any one of three judges to whom the application is submitted is of the opinion that appeal should be allowed, the appli-

---

3. Prior to issuing this statement we submitted it in draft form to counsel for the parties for comment.

cation for the allowance of appeal *shall* be granted and the clerk of this court *shall* transmit to the trial court a notice of the granting of the appeal, together with a copy of the application for appeal and objections thereto. Within ten days thereafter the trial court *shall* certify to this court:

(1) that the facts, issues and rulings are sufficiently and correctly set forth in the application and objections; or
(2) that the facts, issues and rulings are sufficiently and correctly set forth in the application and objections, as modified, supplemented or corrected by an accompanying statement of proceedings and evidence signed by the trial judge; or
(3) that the facts, issues and rulings are sufficiently and correctly set forth in an accompanying statement of proceedings and evidence signed by the trial judge. (emphasis supplied)

Rather than complying with the clear and explicit requirements of the aforesaid rule, the panel granted the application and, on the same day and without the benefit of briefs from the parties or notice to the trial court, summarily reversed the judgment of the trial court. Had the Court of Appeals complied with the requirements of its rule, the trial court's factual statement would have presented a quite different and record-supported version as to what happened at the small claims proceeding.

Upon receipt of the opinion, the trial judge, in an effort to verify what had transpired, discussed the matter with the student attorney's supervisor, had his law clerk listen to the tape recording of the proceeding, and had his law clerk confer with counsel for the plaintiff. The trial judge is satisfied from such investigation that the student was neither appointed as a "conciliator" nor did he act as a "conciliator". The trial judge is further fortified in this conclusion by knowledge of the fact that he has *never* in the 5½ years that he has been a trial judge, appointed anyone, much less a law student, as a conciliator when one party is represented by counsel.

None of this is being said as any reflection on the integrity of the student or his supervisor. There has been no intention on the part of either to misrepresent the facts to the appellate court. What apparently happened is that the student, who was new to the program, misunderstood the court's instructions at the time his assistance was requested. The tape recording of the morning proceedings is difficult to understand in places due to the poor acoustics and noise in the courtroom, and thus is not of as much help as it could have been in determining what the court actually stated. Perhaps the court's instructions could have been more explicit, but lack of explicitness hardly serves as a predicate for an affirmative finding that the student was appointed as a "conciliator".

In any event, even if the student thought his role to be that of a conciliator, he did not act as such. He received no information from the plaintiff nor did he divulge to the plaintiff any information received from the defendant which conceivably could compromise the interests of either party or place the student in the unpleasant position of violating an ethical standard.

Furthermore, at no time did the student advise the Court that he viewed his representation of the defendant at trial as improper in any respect. When asked by the Court prior to trial whether he was representing the defendant, the student attorney replied affirmatively, "She falls within the income guidelines, Your Honor." Had he objected to representing the defendant, he would have been relieved immediately.

When the case was called for trial in the afternoon the court, as the tape clearly shows, spent a considerable period of time satisfying itself that the defendant's insurance carrier had been apprised by the defendant of the lawsuit and had elected not to appear. Having been so satisfied and having been advised by the defendant that she, herself, did not want a continuance but wanted to get the matter over with, the trial judge did not consider any further delay to be justified. The plaintiff, her counsel, and two witnesses had been in

Court since 9:00 a. m. The student was brought into the case in the morning. Both he and his supervisor knew that the case would be called for trial in the afternoon and that the supervisor should be present.

There is no requirement that counsel be appointed for either party in a small claims case. The trial judge believes that it would have been entirely appropriate, given the desire of both parties to resolve the case on the scheduled date, to proceed to trial without any assistance of student counsel for the defendant. Rather then doing this, the trial judge was of the opinion that the assistance of an unsupervised student would be better for the defendant than no assistance at all. Although this was not in compliance with the rules regarding student participation, it hardly supports any conclusion that the trial judge ran roughshod over the *defendant's* rights.

The most that can be said is that the trial judge, by not awaiting the arrival of a supervisor who had the duty to be there when the case was called, was not sufficiently concerned with the rights of the law student. Although the undersigned now understands the necessity of strict adherence to the rules governing law student participation, he also is aware that such compliance may curtail the use of student counsel in the small claims and landlord-tenant branches in circumstances such as existed in this case. Because of the heavy volume of cases in these courts, it is important that both sides be ready when a case is called. When a supervisor is not present in a case in which a law student has been appointed, and which is otherwise ready for trial, the trial court must grant an unnecessary continuance, proceed to trial without assistance to the indigent, or permit unsupervised student assistance during a portion of the trial.[1] Under the circumstances of this case, the trial court, albeit erroneously, determined that the latter alternative was most desirable.

It would be appreciated if you would present this letter to the members of the panel and let me know if the panel is favorably disposed to reconsider its opinion in light of what has been said. The Commission on Disabilities and Tenure understandably may be concerned as to the fitness of any judge to continue sitting if he not only does not know or understand the canons of ethics, but because of such lack of knowledge requires law students to violate them. Consequently, it ultimately may be necessary for me to place on record in this court what actually transpired in the small claims branch.

Respectfully,

(s) John R. Hess

JRH:md

1. The supervisor was present during a portion of the trial in this case. Counsel for the plaintiff says the supervisor was there throughout the proceeding, whereas the student's supervisor says someone, not he, was present during the latter part of the proceedings. The trial judge has no recollection of this aspect of the case and the tape recording is silent as to when the supervisor came in.